# EXHIBIT 5

Granted with Modifications
***See eSignature page***

Case 2:21-cv-40076-MGM    Document 31-7    Filed 02/22/22    Page 2 of 49

Clerk of the Superior Court
*** Electronically Filed ***
W. Tenoever, Deputy
4/9/2019 8:00:00 AM
Filing ID 10331999

1  Larry E. Coben (SBN 015673)
   JoAnn Niemi (SBN 020873)
2  ANAPOL WEISS
   8700 E. Vista Bonita Drive, Suite 268
3  Scottsdale, Arizona 85255
   Tel. (480) 515-4745
4  lcoben@anapolweiss.com
5  jniemi@anapolweiss.com
   Minute Entries: ME@anapolweiss.com
6  *Attorneys for Plaintiff*
7

8

9           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10             IN AND FOR THE COUNTY OF MARICOPA

11  | KERRY ELIZABETH FITZMAURICE, the | Case No.: **CV 2018-054211** |
12  | surviving spouse of CHRISTOPHER EVAN | |
    | FITZMAURICE, in her own right and on | |
13  | behalf of all statutory beneficiaries, and as | |
14  | Personal Representative of the ESTATE OF | |
    | CHRISTOPHER EVAN FITZMAURICE, | **PROTECTIVE ORDER RE:** |
15  | | **DISCOVERY PRODUCED BY** |
    | | **POLARIS INDUSTRIES INC. AND** |
16  | Plaintiff, | **POLARIS SALES INC.** |
17  | | |
    | vs. | |
18  | | (Assigned to the Hon. Bruce R. Cohen) |
    | POLARIS INDUSTRIES INC., et al., | |
19  | | |
20  | Defendants. | |

21

22        Plaintiff and defendants Polaris Industries Inc. and Polaris Sales Inc. ("Polaris"),

23  having agreed to the following, IT IS HEREBY ORDERED as follows:

24        **PURPOSES AND LIMITATIONS**

25        Disclosure and discovery activity in this action may involve production of

26  confidential, proprietary, or private information for which special protection from public

27  disclosure may be warranted. The parties acknowledge that this Order does not confer

28

blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to be treated as confidential under the terms of this Order and applicable legal principles. Furthermore, the parties acknowledge that neither this Order—nor the confidentiality designations thereunder—constitutes a ruling by this Court that any specific information is, in fact, confidential. Nor does it entitle parties to file any information under seal absent an Order from the Court.

1.     At such time as Polaris delivers to plaintiff or plaintiff's attorneys any documents or materials by way of discovery in this case or divulges any documents or materials or any information contained therein, Polaris shall designate as "confidential" any such documents, materials, or information they claim constitute or contain trade secrets or confidential business information.

2.     The burden of proving that a Protected Document contains confidential trade secrets, technical information and/or commercially sensitive information is on Polaris. Prior to designating any material as "Confidential – Subject to Sharing Protective Order", Polaris must make a bona fide determination that the material is, in fact, a trade secret or other confidential research, development, or commercial information. If plaintiff's counsel contests the confidential designation of any item produced pursuant to this Protective Order, plaintiff's counsel and counsel for Polaris are required by this Protective Order to consult in an attempt to come to an agreement as to the materials that are claimed to be of a confidential and proprietary nature. With respect to materials that plaintiff's counsel and Polaris' counsel cannot agree are proprietary, Polaris will have the burden of establishing the proprietary and confidential nature of those materials pursuant to Arizona Rule of Civil Procedure 26(c). Polaris shall have 30 days to prepare this motion following the parties' final attempt to reach an agreement. The contested materials will remain under the terms of this Protective Order until such time as there is a ruling on Polaris' motion. If the Court denies Polaris' request for protection and Polaris states that it will seek an interlocutory

appeal from that ruling, then the materials shall remain protected until the Court of Appeals rules on the interlocutory appeal from the order

denying confidentiality.

3.      Protected Documents and any copies thereof received pursuant to paragraph 4 (below) shall be maintained confidential by the receiving party, her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth below.

4.      Counsel for plaintiff—and only counsel for plaintiff—may share proprietary and confidential materials produced pursuant to this Protective Order with other attorneys representing other plaintiffs in lawsuits against Polaris involving similar issues in the following manner. Counsel will obtain a signed certification, in a form attached as Exhibit A, from such other attorneys representing the other plaintiffs in lawsuits against Polaris involving similar issues. The following process will be followed:

a.      If Plaintiff intends to communicate about contents found within the discovery or to provide copies of the records to non-parties to this action who are not experts or consultants for Plaintiff, notice shall be given, in writing, to Polaris. Such notice shall include the name, address, and phone number of the individual or entity to whom Plaintiff is intending to communicate or to whom records will be disseminated, as well as a list of the information or records involved in the anticipated dissemination, including the Bates numbers or ranges of the records. Plaintiff shall then not communicate about the contents or disseminate the records until Polaris is afforded 14 days from the date of written notice within which to file an objection or motion for protective order. If a timely objection or motion is filed, the issue shall be addressed by the court and there shall not be third party dissemination until the issue is resolved by the court.

b.  If Polaris objects to any specific dissemination, Polaris shall specifically identify the records or information for which protection is sought as well as the legal and factual basis for being afforded protection. Polaris shall have the burden of proof to support further restrictions. Polaris is on notice that if the dissemination is intended for the Consumer Products Safety Commission or similar public agency, there shall be a presumption in favor of dissemination as public safety or welfare shall be assumed.

c.  If the contents of the records or the records themselves are disseminated to any third party not engaged in this litigation, the recipient party shall be required to execute an agreement binding that third party to the terms of this Protective Order. Once executed, the records or information may be disseminated so long as Polaris is provided with a copy of the executed Acknowledgement (attached as Exhibit A to this Protective Order) and identifying information as to the recipient. Polaris shall be entitled to this information and the copy of the executed agreement regardless of whether it formally objects to the dissemination thereof.

5.  Except as provided in Paragraph 4, above, Protected Documents shall be disclosed only to "Qualified Persons," Qualified Persons are limited to:

a.  Counsel of Record for the parties, and the parties;

b.  Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

c.  Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Polaris;

d.  The Court, the Court's staff, or the jury in this case;

e.  Court Reporters, or other official personnel reasonably required for the preparation of transcripts of testimony;

4

f.    Witnesses/Deponents, either by deposition or trial testimony, who may be shown and questioned about the confidential material;

g.    Mediators or individuals appointed by the Court in this matter; and

h.    To any governmental agency which has oversight authority to study public safety issues pertinent to the product at issue. However, at least 10 days before such data is furnished to the relevant governmental agency, the plaintiff and plaintiff's attorneys shall give notice to Polaris to allow Polaris the opportunity to ask the governmental agency to maintain the materials as confidential.

6.    Plaintiff and her attorneys shall not give, show or otherwise directly or indirectly disclose any such confidential documents, materials or information produced by Polaris in this action, or the substance thereof, or the existence thereof, or any copies, prints, negatives or summaries thereof, and will not disclose the fact of the existence thereof, to any entity or person except the plaintiff herein, and any agents, experts or consultants, employed by plaintiff or plaintiff's attorneys, in connection with and solely for this action, except as provided in Paragraphs 4 and 5, above.

7.    Any and all of plaintiff's experts, consultants and/or counsel associated in this litigation and any other individuals who have access to confidential documents and/or materials and/or information subject to this Protective Order, or to the substance hereof, or to any copies, prints, negatives or summaries thereof, shall be presented with a copy of this Protective Order. Those experts, consultants, counsel, and other individuals shall not give, show, or otherwise, directly or indirectly, disclose any of the confidential documents or materials or information subject to this Protective Order, or the substance thereof, or the existence thereof, or any copies, prints, negatives, or summaries thereof, to any entity or person, except as may be necessary in preparing to render, or rendering, expert advice or assistance in this lawsuit only.

8.    At the conclusion of the work of such experts, consultants, counsel, or other persons as described in Paragraph 7 herein, all confidential documents and materials and all

copies, prints, negatives, and summaries thereof shall be returned to the attorneys who retained the expert or consultant or otherwise provided access to the confidential documents and/or materials and/or information or shall be destroyed. At the time of such re-delivery or destruction, an Affidavit in the form of Exhibit B attached hereto shall be executed by such experts, consultants, counsel and/or other persons who have had access to the confidential documents and/or materials and/or information, stating that they have complied with the provisions of this Protective Order. Such Affidavit shall be returned to the attorneys who provided access to the confidential documents and/or materials and/or information and be maintained by them. Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement, plaintiff's attorneys shall return to Polaris all competitively sensitive data produced under the terms of this Protective Order or destroy the confidential documents. Plaintiff's attorney shall further provide to Polaris at such time of re-delivery an Affidavit in the form of Exhibit B attached hereto representing compliance, as outlined herein, with the terms of this Protective Order and all Affidavits received by plaintiff's counsel pursuant to this paragraph.

9.     The parties to this action and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, and privilege, and all objections as to admissibility may be asserted at the time of trial of any action in which such confidential documents and/or materials are used or proffered should any such party deem it proper.

10.     Confidential documents and materials, as those terms are used herein, mean information, including confidential and proprietary information about the Polaris Defendants' business, products, practices, or procedures that, in the ordinary course of business, is not voluntarily disclosed to the public or to third persons or entities who do not have a need to know. Documents or materials that concern, reflect, embody or constitute the foregoing may include, but shall not be limited to, correspondence, memoranda, notes, plans, specifications, blueprints, drawings, test reports, test procedures, test manuals,

photographs, motion pictures, accident reports, claims, videotapes, graphs, charts, financial and budget information, and deposition or trial transcripts and exhibits thereto. Confidential documents and materials shall be so designated by prominent markings placed on each document or item at or before the time the document or item is divulged or produced for inspection. To the extent possible, the designation will be placed on the document or other materials in a location that does not cover or mark over any textual materials. If plaintiff or plaintiff's attorneys require more than one copy of any confidential document or material produced pursuant to this Protective Order, they must ensure that each copy is made with the original red marking designating the confidentiality of the document and/or material and the information contained therein.

11.     For information produced in some form other than documentary, and for any other tangible items, Polaris shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential – Subject to Sharing Protective Order." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

12.     If the plaintiff believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, plaintiff and plaintiff's attorneys will notify Polaris in writing of that disagreement, stating the reason(s) for the challenge. During the 10-day period following service of the written challenge on Polaris, plaintiff and Polaris shall try to dispose of such challenge in good faith on an informal basis.

13.     If neither the designation nor the objection is withdrawn, Polaris shall have 20 days from the receipt of the written challenge notice to apply to the Court for an order designating the challenged material as Confidential. Each such motion must be

accompanied by a declaration affirming that Polaris has complied with the meet and confer requirements imposed in the preceding paragraph. Polaris bears the burden of establishing that the material is entitled to protection as Confidential. Any material that is designated as Confidential that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on Polaris' motion or, if no motion is made, until the time for the designating party to bring a motion has expired. Failure by Polaris to make such a motion, including the required declaration, within the applicable time period for doing so shall automatically waive the confidentiality designation for each challenged designation.

14.     Plaintiff and plaintiff's attorneys shall limit the number of copies to that which are absolutely necessary to adequately prepare plaintiff's case and shall ensure that copies are returned to plaintiff's attorneys and that unnecessary copies are destroyed. Any and all copies shall be treated in accordance with the terms of this Protective Order.

15.     Any party claiming that information designated by the other party as confidential has been in the possession of such first party or has been in the possession of the public prior to disclosure of such information in discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information.

16.     No party hereto shall be bound by this Protective Order as to any information that it possessed prior to this action, unless the information was obtained from the other party under circumstances requiring the first party to treat it as confidential.

17.     This Protective Order shall be without prejudice to the rights of the parties in any other action and applies solely to the above-captioned action.

18.     The parties do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by either party.

19.     To the extent that confidential documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, within 30 days after receipt of the deposition transcript, Polaris shall designate depositions or other testimony

concerning the documents and the information contained therein as "confidential information" by sending written notice to plaintiff's counsel designating by page and line the portions of the transcript or other testimony to be treated as "Confidential". Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order.

## **USE OF PROTECTED MATERIAL IN COURT**

20.     Neither this Order, nor any confidentiality designations thereunder, is a sufficient basis for demonstrating that court records may be sealed. The procedure for filing Protected Material with the Court shall be as follows.

21.     If either party files Protected Material with the Court, the filing party must file a motion to provisionally seal the protected material, accompanied by a declaration identifying the specific documents or portions thereof that have been designated confidential and identifying the designating party. Unless an entire document is marked confidential, the filing party shall also file a public version of the document, with the protected material redacted, on the public docket. If the Court grants the motion to seal, the material will remain under seal provisionally unless and until the Court rules otherwise.

22.     Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

23.     Nothing in this Order affects the right of non-parties to this action to challenge this Order, any confidentiality designations made pursuant to the Order, or the sealing of any court records in this case.

24.     No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

25.     Nothing in this Order is intended to prevent any party from raising with the Court any concern that the non-disclosure of certain Confidential information may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office, and therefore the public interest in disclosure outweighs any interest in secrecy.

26.     The terms of this Protective Order shall remain fully active until released by written consent of the Polaris Defendants. The Court shall retain jurisdiction over the parties, this Protective Order, and recipients of confidential documents and materials, for the sole purpose of enforcing this Protective Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this Protective Order shall continue to be binding as to the confidential documents and materials produced pursuant to it.

DONE IN OPEN COURT  this 8th day of April, 2019.

_____
HON. BRUCE R. COHEN
Maricopa County Superior Court

1

2

3    IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

4    IN AND FOR THE COUNTY OF MARICOPA

5

| | |
|---|---|
| KERRY ELIZABETH FITZMAURICE, the surviving spouse of CHRISTOPHER EVAN FITZMAURICE, in her own right and on behalf of all statutory beneficiaries, and as Personal Representative of the ESTATE OF CHRISTOPHER EVAN FITZMAURICE,<br><br>Plaintiff,<br><br>vs.<br><br>POLARIS INDUSTRIES INC., et al.,<br><br>Defendants. | Case No.: CV2018-054211<br><br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

6

7

8

9

10

11

12

13

14

15

16                                **EXHIBIT A**

17    I, _____, am an attorney representing the

18    plaintiff(s) in the following action:

19    Case title:    _____

20    Court:         _____

21    Case No.:      _____

22         I seek copies of the documents produced under the terms of the Protective Order

23    regarding confidentiality of documents and materials entered in the above-captioned matter

24    and agree to the terms of that order. At the time a final dismissal or judgment is entered in

25    the above-captioned matter, l agree to return copies of any materials produced under the

26    terms of the Protective Order to Polaris Industries Inc. and Polaris Sales Inc. as described in

27    paragraph 8 of the Protective Order, I consent to the personal jurisdiction of the Court in

28

11

1    *Fitzmaurice v. Polaris Industries Inc., et al.* for purpose of enforcement of the Protective

2    Order covering the confidential materials l seek.

3

4

5                                                        _____

6                                                        Signed

7

8                                                        _____

                                                         Printed Name

9

10                                                       _____

11                                                       _____

12                                                       _____

13                                                       _____

14                                                       Address

15

16   Dated: _____

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3
IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

4
IN AND FOR THE COUNTY OF MARICOPA

5

6
KERRY ELIZABETH FITZMAURICE, the surviving spouse of CHRISTOPHER EVAN FITZMAURICE, in her own right and on behalf of all statutory beneficiaries, and as Personal Representative of the ESTATE OF CHRISTOPHER EVAN FITZMAURICE,

Case No.: CV2018-054211

7

8

9
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

10
Plaintiff,

11

12
vs.

13
POLARIS INDUSTRIES INC., et al.,

14
Defendants.

15

16
**EXHIBIT B**

17
STATE OF _____ )
) ss.

18
County of _____ )

19

20
_____, being first duly sworn, upon his or her oath,

21
deposes and says:

22
1.      I have been provided copies of, or access to, confidential documents,

23
materials, and information that are subject to a Protective Order Re: Discovery Produced

24
by Polaris Industries Inc. and Polaris Sales Inc. in the above-captioned matter (hereinafter

25
"Confidential Data"").

26
2.      I have read and complied with all of the provisions of the Protective Order

27
entered in the action regarding the Confidential Data.

28
3.      In formulating my opinions or in preparing for and/or assisting in the trial of

the above-captioned action, I have provided the following individuals copies of, or access to, the Confidential Data at the address stated:

_____

_____

_____

4.      The individuals listed in Paragraph 3 are the only individuals to whom I have provided copies of, or access to, the Confidential Data.

5.      Before providing copies of, or access to, the Confidential Data to the individuals listed in Paragraph 3, I required that said individuals read a copy of the Protective Order in this action.

6.      The individuals listed in Paragraph 3 have executed Affidavits stating that they have complied with the terms of the Protective Order and have returned all copies of Confidential Data and a copy of each such Affidavit is attached hereto.

7.      I have made no copies of the Confidential Data provided pursuant to the Protective Order, other than those that have been returned to plaintiff's counsel.

8.      With the Affidavit, I have returned all copies of Confidential Data/materials provided to me in the above-captioned matter pursuant to the Protective Order and have returned all Affidavits to those individuals to whom I provided copies of, or access to, the Confidential Data.

9.      After submitting this Affidavit and the attached Affidavit(s) Re: Confidential Data and all copies of confidential documents and materials to plaintiff's counsel, pursuant to the requirements set forth in the Protective Order, I will not have any copies of the Confidential Data.

10.      I have otherwise complied with all of the terms of the Protective Order covering confidential documents and materials produced in the above-captioned action.

/ / /

/ / /

1    / / /

2        SUBSCRIBED AND SWORN to before me this day _____ of _____,

3    _____.

4

5                                              _____

6                                              Notary Public

7

8

9    _____
     My Commission Expires

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Filing ID: 10331999   Case Number: CV2018-054211
Original Filing ID: 10327711

---

**Granted with Modifications**



/S/ Bruce Cohen Date: 4/8/2019
_____
Judicial Officer of Superior Court

# ENDORSEMENT PAGE

CASE NUMBER: CV2018-054211                SIGNATURE DATE: 4/8/2019

E-FILING ID #: 10331999                          FILED DATE: 4/9/2019 8:00:00 AM


JEREMY C JOHNSON


LARRY E COBEN

20CV03940

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **SHANNON VIAL**, | Case No. 20CV03940 |
| Plaintiff, | **STIPULATION AND AGREED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND OTHER MATERIALS** |
| v. | |
| **POLARIS INDUSTRIES, INC.**; **DRT, LLC** dba **EDGE PERFORMANCE SPORTS**; and **CIRCLE BAR S, LLC**. | |
| Defendants. | |
| **POLARIS INDUSTRIES INC.,** a foreign corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| **LANCE COFFEL**, an individual, | |
| Third-Party Defendant. | |

Plaintiff Shannon Vial, Defendant/Third-Party Plaintiff Polaris Industries Inc., Defendant DRT LLC, d/b/a Edge Performance Sports, Defendant Circle Bar S LLC, and Third-Party Defendant Lance Coffel agree to, and the Court enters, the following Stipulation and Protective Order (referred to as the "Order" or "Protective Order") to facilitate the exchange of discoverable information and, in particular, the production of documents, the service of discovery responses, and the taking of testimony that at least one party considers to be or to contain confidential

information, and that are subject to protection under ORCP 36. Unless modified pursuant to the express terms contained in this Order, this Order shall remain in effect as stated.

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony.  This action concerns allegations of personal injury and products liability arising from a vehicle accident. The parties expect to exchange documents and information containing personal medical information, confidential or proprietary business information, and/or trade secret information ("Confidential Information") that bear significantly on the claims and/or defenses of the parties. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such Confidential Information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding (except as specifically allowed under paragraph 9 below).

2.      Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose.  This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation.  Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.      The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.   The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

4.      If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and labeled in accordance with this Court's applicable rules. Specifically, in accordance with the current versions of UTCR 5.160 and Multnomah County SLR 5.165, a party seeking to file under seal in this Court documents designated as Confidential under this protective order must file a motion to file documents under seal that specifies: (a) the statutory authority for sealing the documents; (b) the reasons for protecting the documents from public inspection; and (c) a description of the documents to be sealed.  The judge hearing the motion may require the moving party to submit the documents to the Court for in camera review. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information.  If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4.  Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.  To the extent that the 30-

day period creates prejudice to any party in complying with prescribed briefing schedules, the parties agree that additional response time can be sought from the court where necessary.

6.      "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.      Outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

b.      In-house counsel for the parties, and the administrative staff for each in-house counsel;

c.      Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation;

d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation;

e.      The authors and the original recipients of the documents;

f.      Any court reporter or videographer reporting a deposition;

g.      Any mediators agreed-upon by the parties to facilitate settlement discussions;

4

      h.     Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action;

      i.     The insurer of a party to litigation and employees of such insurer, including insurance claims adjusters, to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes, and

      j.     Witnesses testifying at a deposition, provided they agree on the record to maintain the confidentiality of the information they are shown.

8.     Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A ("Acknowledgement").

9.     In addition to those persons identified in paragraph 7 above, counsel for Plaintiff may share Confidential materials produced pursuant to this Protective Order with attorneys representing other plaintiffs ("Other Counsel"), along with the experts and consultants retained by them, actively prosecuting Similar Litigation—as defined in paragraph 9(a) below—in the following manner:

      a.     "Similar Litigation" means any case pending, in either state or Federal court, against Polaris Industries Inc. involving allegations of injuries or deaths arising from a model year 2010 through 2021 Polaris Ranger XP 1000 Crew, for which product defects are alleged, including unintended acceleration, vehicular instability, or lack of appropriate speed control that resulted in a rollover.

      b.     If Plaintiff intends to provide copies of Confidential documents to Other Counsel, Plaintiff's counsel shall provide 30 days advance written notice of such intent to share to Polaris. Such notice shall include:

           i.     The name, address, email address and phone number of the Other Counsel to whom Plaintiff is intending to communicate or to whom records will be disseminated;

       ii.      A list of the Confidential information or documents proposed to be shared, including the Bates numbers or ranges of the records;

       iii.     The Other Counsel's client's name(s), court where the action is pending, case name, case number;

       iv.     A brief description of the accident and alleged injuries.

    c.     Contemporaneous with the notices described in paragraph 9(b), Plaintiff shall also provide to Polaris written Acknowledgments executed by the proposed recipients binding that third party to the terms of this Protective Order and submitting to the jurisdiction of this Court pursuant to paragraph 8 above.

    d.     Plaintiff shall not communicate about the Confidential information or disseminate any Confidential documents for 30 days from the date of written notice to allow Polaris to confer with Plaintiff's counsel about the proposed disclosures, and if necessary, to file an objection or motion for protective order with the Court. If a timely objection or motion is filed, the issue shall be addressed by the Court and no Confidential information or documents may be shared until the issue is resolved by the Court.

10.    Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 8, as appropriate, for that portion of the deposition, hearing or pre- trial proceeding.

11.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order.  If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party.  As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure.

12.    If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking

to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed.  A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

13.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential."  The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party.  Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

14.    Designation by either party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.  Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

15.    Within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential  information  shall  return  to  the  producing  party  or  third  party,  or  destroy,  all

information and documents subject to this Protective Order.  Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel.  The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

16.     If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks Confidential Information of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

17.     The parties to this Order agree that, upon the request of any party, relevant consumer product safety information will be provided to the Consumer Product Safety Commission, the National Highway Transportation Safety Administration, or other appropriate governmental authorities ("Governmental Authorities") under the provisions in this paragraph. If any party seeks to provide Governmental Authorities consumer product safety information designated as Confidential Information, that party shall not provide such Confidential Information directly to the Governmental Authorities because such disclosures could become publicly available through Freedom of Information Act disclosures or other comparable disclosure obligations of the Governmental Authorities. If any party seeks to provide Confidential Information to a Governmental Authority, that party shall ask Polaris to provide such Confidential Information to the Governmental Authority so Polaris can seek exemption from disclosure under applicable

regulations and rules including, but not limited to: CPSA, 15 U.S.C. § 2055; the Trade Secrets Act, 18 U.S.C. § 1905, National Highway Traffic Safety Administration – Confidential Business Information. 49 CFR 512; and/or the Freedom of Information Act, 5 U.S.C. § 552(b). Upon receipt of such a request from a party, Polaris shall have 30 business days to provide the Confidential Information to the Governmental Authority.  Polaris may seek relief from this requirement but should it do so, this Stipulation and Protective Order shall be enforceable absent extraordinary circumstances.

18.     This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

19.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

20.     The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

It is so stipulated:


Date:  September 3, 2021                    Date:  September 3, 2021


By:     s/ Kimberly O. Weingart            By:     s/ Jeffrey Hern
        J. Randolph Pickett                        Jeffrey Hern, OSB #043138
        Email: randy@pdm.legal                     Email: jhern@schwabe.com
        Kimberly O. Weingart                       **SCHWABE, WILLIAMSON &**
        Email: kim@pdm.legal                       **WYATT, P.C.**
        **PICKETT DUMMIGAN LLP**                   1211 SW Fifth Avenue, Suite 1900
        210 SW Morrison Street, Fourth             Portland, OR 97204
        Floor                                      Facsimile: 503-796-2900
        Portland, OR  97204
        Telephone:  503-226-3628                   **BENESCH FRIEDLANDER COPLAN**
                                                   **& ARONOFF LLP**
        ***Attorneys for Plaintiff***             Scott A. McMillin (Admitted Pro Hac
                                                   Vice)
                                                   Email: smcmillin@beneschlaw.com
                                                   Sheila M. Prendergast (Admitted Pro Hac
                                                   Vice)
                                                   Email: sprendergast@beneschlaw.com
                                                   71 South Wacker Drive, Suite 1600
                                                   Chicago, IL 60606
                                                   Telephone: 312-212-4949

                                                   Barbara A. Lum (Admitted Pro Hac Vice)
                                                   Email: blum@beneschlaw.com
                                                   200 Public Square, Suite 2300
                                                   Cleveland, Ohio 44114
                                                   Telephone:  216-363-4500

                                                   ***Attorneys for Defendants Polaris***
                                                   ***Industries Inc. and DRT, LLC dba Edge***
                                                   ***Performance Sports***

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

Signed: 9/17/2021 11:36 AM

_Shelley D. Russell_
_____

**Circuit Court Judge Shelley D. Russell**

**CERTIFICATE OF READINESS**

This proposed Order or Judgment is ready for judicial signature because:

Each party affected by this order or judgment has approved this order, as shown by each party's signature on the document being submitted and by written confirmation of approval sent to me, in compliance with the provisions of UTCR 5.100(1)(b).

DATED this 3rd day of September, 2021.

_s/ Kimberly O. Weingart_
_____
J. Randolph Pickett, OSB #721974
Kimberly O. Weingart, OSB #091407
PICKETT DUMMIGAN MCCALL LLP

of Attorneys for Plaintiffs

11

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **SHANNON VIAL**, | Case No. 20CV03940 |
| Plaintiff, | **EXHIBIT A:** |
| v. | **STIPULATION AND AGREED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND OTHER MATERIALS** |
| **POLARIS INDUSTRIES, INC.**, a foreign corporation, **DRT, LLC** dba **EDGE PERFORMANCE SPORTS**, an Oregon limited liability company; and **CIRCLE BAR S, LLC**, an Oregon limited liability company, | |
| Defendants. | |
| **POLARIS INDUSTRIES INC.,** a foreign corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| **LANCE COFFEL**, an individual, | |
| Third-Party Defendant. | |

---

## EXHIBIT A - DISCLOSURE AGREEMENT

---

I, _____, declare under penalty of perjury under the laws of the State of _____ that:

1.    My present address is _____

---

2.      My present employer is _____

_____

and the address of my present employer is _____

_____

3.      My present occupation or job description is _____

_____

4.      I have received a copy of the Protective Order in this action signed by the Court and dated _____.

5.      I have carefully read and understand the provisions of the Protective Order.

6.      I will comply with and be bound by all of the provisions of the Protective Order unless and until modified by Order of the Court.

7.      I will hold in confidence and will not disclose to anyone not qualified under the Protective Order and will use only for purposes of this action any CONFIDENTIAL INFORMATION that is disclosed to me.  I will take appropriate steps and assume full responsibility to assure that any other people, *e.g.*, clerical or secretarial personnel, working for me will abide by the Protective Order.

8.      Within 30 days of receiving notification that the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, I will destroy or return all CONFIDENTIAL INFORMATION that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, and certify to that counsel in writing that all CONFIDENTIAL INFORMATION (including all copies, summaries, or notes reflecting or relying upon CONFIDENTIAL INFORMATION) have been destroyed or returned to that counsel.

9.      I declare further that I understand that if I violate the provisions of the Protective Order, I may be subject to sanctions by the Court and that any party may assert other remedies

against me.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.


Dated: _____


_____

[Signature]


_____

[Name]

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that I served the foregoing STIPULATION AND AGREED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND OTHER MATERIALS, on:

| | | |
|---|---|---|
| Jeffrey D. Hern | Scott A. McMillin | Barbara A. Lum |
| Rebecca Boyette | Sheila M. Prendergast | blum@beneschlaw.com |
| jhern@schwabe.com | smcmillin@beneschlaw.com | BENESCH FRIEDLANDER |
| rboyette@schwabe.com | sprendergast@beneschlaw.com | COPLAN & ARONOFF LLP |
| SCHWABE WILLIAMSON | BENESCH FRIEDLANDER | 200 Public Square, Suite 2300 |
| & WYATT PC | COPLAN & ARONOFF LLP | Cleveland, OH 44114 |
| 1211 S.W. Fifth Avenue, | 71 South Wacker Drive, | |
| Suite 1900 | Suite 1600 | |
| Portland, OR 97204 | Chicago, IL 60606 | |

of Attorneys for Defendant and Third-Party Plaintiff Polaris Industries Inc.
and Defendant DRT, LLC

| | |
|---|---|
| Guy E. Keating | Lance Coffel |
| gkeating@schulte-law.com | lancecoffel@gmail.com |
| SCHULTE ANDERSON, | 23360 Winlock Lane |
| DOWNS, ARONSON & | Fossil, OR 97830 |
| BITTNER, P.C. | |
| 811 SW Naito Parkway, | |
| Suite 500 | |
| Portland, OR 97204 | |

of Attorneys for Defendant                     *Pro Se* Third-Party Defendant
Circle Bar S, LLC

by electronic service pursuant to UTCR 21.100 and email pursuant to ORCP 9G by emailing to said attorneys and the *pro se* defendant at the email addresses indicated above, true copies thereof, on this 3rd day of September, 2021.

DATED: September 3, 2021.

_____
        **s/ Kimberly O. Weingart**
J. Randolph Pickett, OSB #721974
Kimberly O. Weingart, OSB #091407
PICKETT DUMMIGAN MCCALL LLP

of Attorneys for Plaintiff

15

FILED
6/17/2020 10:28 AM
Rockdale County State Court
e-Filed Record

# IN THE STATE COURT OF ROCKDALE COUNTY
## STATE OF GEORGIA

MOHAMED MASSAQUOI,       )
                               )
    Plaintiff,                )
                               )
v.                         )     Case No. 2019-SV-1579
                               )
MOUNTAIN MOTORSPORTS, LLC,  )
POLARIS INDUSTRIES, INC., and   )
POLARIS SALES, INC.,          )
                               )
    Defendants.           )

## SHARING PROTECTIVE ORDER OF CONFIDENTIALITY

Defendant Polaris Industries, Inc.'s ("Polaris") Motion for Protective Order having come before the Court, and the parties having agreed that the Court could decide the matter upon the written submissions of the parties, the Court herby finds and orders as follows:

1. Polaris asked for, and Massaquoi voluntarily agreed to, a Protective Order of Confidentiality to protect any confidential, propriety, and trade secret information in any documents that Polaris produced in this case.  Massaquoi asked, in return, that the Protective Order entered be one that permits sharing of documents with other persons or litigants who have or may assert a products liability claim against Polaris in which an injury occurred allegedly as a result of a similar product defect. Massaquoi also agreed, without court order, to keep all produced Polaris documents

confidential until this Order issues.   Polaris opposed the sharing provision, raising a number of arguments against such a protective order.

2.   Having read and considered the submissions of the parties, and having administered at least two sharing protective orders in past complex products liability cases, the Court finds Polaris' arguments unpersuasive.

a.   First, Massaquoi does not seek an unfettered right to disseminate Polaris' documents to the general public and the media.   Rather, the sharing order prohibits such dissemination and specifically defines and controls when and how a recipient of the Polaris documents gets them.

b.   Second, the sharing protective order will adequately prevent Polaris' competitors from obtaining its documents.

c.   Third, the Court will not get bogged down in administering the sharing protective order in this or other cases.   The Court does not believe it will have to oversee discovery in other cases and other states, as this Order will address that. The Court notes from its experience with such protective orders that breaches appear rare.   In fact, Polaris submitted no evidence of any such breach.

d.   Finally, the Georgia Civil Practice Act, and the simple concept of justice, requires the Court to enter orders under Rule 26 that will "secure the just, speedy, and inexpensive determination of every action."   O.C.G.A. § 9-11-1.   This sharing protective order will do that in this case and in other cases that might appear before this and other courts.   Georgia's discovery rules, and their parent federal rules, do

not prohibit document sharing. *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19-20 (2d Cir. 1992) (quoting *Cipollone v. Liggett Group*, 113 F.R.D. 86, 91 (D.N.J.1986) ("So long as the initial litigation has not itself been instituted in bad faith for the purpose of obtaining documents for other actions, and so long as the interests of those represented in the initial litigation are being fully and ethically prosecuted, the Federal Rules do not foreclose the collaborative use of discovery."), mandamus denied, 822 F.2d 335 (3d Cir.), *cert. denied*, 484 U.S. 976 (1987); *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 597 (7th Cir. 1979) (noting that district courts have refused to enter protective orders which prevent disclosure to others litigating similar issues on the grounds that the Federal Rules of Civil Procedure do not foreclose collaboration in discovery): *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 154 (D.C. Tex. 1980) (same).

Perhaps one of the earliest and well-reasoned sharing protective order cases is *Garcia v. Peeples*, 734 S.W.2d 343 (S. Ct. Tex. 1987), in which the Texas Supreme Court observed:

> Shared discovery is an effective means to insure full and fair disclosure. Parties subject to a number of suits concerning the same subject matter are forced to be consistent in their responses by the knowledge that their opponents can compare those responses. . . . In addition to making discovery more truthful, shared discovery makes the system itself more efficient. [Without it, the system] forces similarly situated parties to go through the same discovery process time and time again, even though the issues involved are virtually identical.

3

*Id.* at 347. *See also Koval v. General Motors Corp.*, 610 N.E.2d 1199, 1200-01, 62 Ohio Misc.2d 694, 697 (Cuyahoga C.P. 1990) (Rule 26 does not prohibit sharing protective orders); *Parsons v. General Motors Corp.*, 85 F.R.D. 724 726 (N.D. Ga. 1980) (same). The Court agrees and declines to entered Polaris' proposed more restrictive non-sharing protective order. Finally, the Court also has concerns about entering orders, especially protective orders, that might limit or restrict any party's access to full and complete discovery in this and other cases. *See generally Barger v. Garden Way, Inc.*, 230 Ga. App. 4, 499 S.E.2d 737 (1998).

3.    Accordingly, for good cause shown and because Polaris has not met its heavy burden of proving actual or potential actual competitive harm, it is hereby ORDERED, ADJUDGED, and DECREED that:

4.    Documents and other information, including the substance and content thereof, designated by Polaris as confidential and proprietary, and produced by Polaris in response to any formal or informal request for discovery in this litigation, shall be subject to the terms of this Consent Protective Order of Confidentiality, as set forth below:

a. For purposes of this Order, "Confidential Information" means:

(i) those documents and written responses produced by Polaris in response to any formal or informal discovery request in this case which are designated in good faith as confidential by Polaris because they contain proprietary or competitively sensitive material, and/or confidential commercial information and market research

4

analyses by so indicating on the face of the writing with language reading "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or with other similar language, except the designation shall not deface or be printed over any of the language of the document.

(ii)    those pleadings or other papers served upon any party or filed under seal with the Court which are designated in good faith as confidential by Polaris because they contain proprietary or competitively sensitive material, and/or confidential commercial information and market research analyses by so indicating on the face of the pleading with language reading "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or with other similar language, and those pleadings or other papers filed with the Court that quote from or paraphrase confidential information; and

(iii)    those portions of any deposition transcripts or exhibits that reveal the substance or content of documents, written responses, pleadings or other information designated as confidential by Polaris pursuant to the provisions of this Protective Order.  It is agreed that counsel for Polaris will attempt in good faith to identify and designate, before or during the course of the deposition, those portions of the deposition testimony or exhibits which might reveal the substance or content of documents, written responses, pleadings or other information designated as confidential by Polaris pursuant to the provisions of this Protective Order.  In addition, it is further agreed that, within 30 days after receipt of the deposition

5

transcript, counsel for Polaris will specifically set out in writing the page and line designations for those specific portions of the deposition transcript designated as confidential at the deposition. In all events, counsel for Plaintiff will maintain the confidentiality of deposition transcripts or exhibits that reveal the substance or content of documents, written responses, pleadings or other information designated as confidential by Polaris pursuant to the provisions of this Protective Order, unless and until the Court rules that such materials not be treated as confidential under this Protective Order.

5. Except with prior written consent of counsel for Polaris, Confidential Information may be shown or disclosed only to the following persons:

a. Counsel in this action;

b. Actual employees of counsel assigned to and necessary to assist counsel in the preparation of this action;

c. Independent experts and consultants retained by counsel whose assistance is deemed necessary by counsel for the prosecution or defense of this action, and employees of such experts and consultants necessary to assist such persons in performing their duties, provided that such person has signed an affidavit in the form set forth as Exhibit "A" and that no confidential documents and information shall be disseminated to any expert or consultant

(i) who is an employee of a direct business competitor of the party producing the information; or

6

        (ii)    who is employed by a direct business competitor of the party producing the information and who directly participates in design, manufacturing, marketing, or service activities of direct business competitors.

    d.    Subject to the provisions of Paragraph 6 below, Plaintiff may disclose Confidential Information to other attorneys representing parties, and the experts and consultants retained by them, in other cases against Polaris in which an injury occurred allegedly as a result of similar defect allegations.

    6.    Any recipient of such Confidential Information shall not disclose the same to any other person to whom disclosure is not authorized by the terms of this Protective Order, and shall not use such Confidential Information for purposes other than preparation for trial or settlement of this action, except as allowed under Paragraph 5. Any recipient of such Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such Confidential Information in order to ensure that the confidential nature of the same is maintained.

    7.    Plaintiff and his attorneys shall not give, show or otherwise divulge or disclose the substance or existence of the documents or other information designated as Confidential Information, or any copies, prints, negatives or summaries thereof, to any entity or person with the exception of those individuals identified in Paragraph 5. Any recipient of such Confidential Information, prior to receipt thereof, shall be furnished with a copy of this Protective Order, and shall be required to execute an

affidavit of the type attached as Exhibit "A," certifying that the recipient will not use any such Confidential Information in any way whatsoever except as allowed under Paragraph 5 herein, and that the recipient has read and is familiar with this Protective Order and agrees to be bound by its terms. The original of each affidavit of the type attached as Exhibit "A," executed by a recipient of Confidential Information, shall be furnished to counsel who provided such information upon request. Within 30 days of the conclusion of this case, counsel for Plaintiff shall deliver to counsel for Polaris copies of all such affidavits executed by recipients of Confidential Information.

8.      The parties agree that all Confidential Information and any pleading, motion, deposition transcript or other paper filed with the Court disclosing any Confidential Information should be filed under seal and shall be kept under seal until further order of the Court, should the Court deem such a procedure appropriate; however, said information shall continue to be available to the Court and to such persons permitted access to such information under this Order. Where possible, only the confidential portions of filings with the Court shall be filed under seal.

9.      Within 45 days of the conclusion of this action, counsel of record for i shall return all confidential documents and information, and all copies thereof, to counsel for Polaris. If any confidential documents are furnished to any expert or to any other qualified person, the attorneys for Plaintiff shall ensure that all confidential documents in the possession of such persons, and all copies thereof,

8

are returned to counsel for Polaris within 45 days of the conclusion of this action, unless the parties agree to destruction in lieu of return. Plaintiff is permitted to retain a list of the documents by bates number which are produced by Polaris under this Protective Order.

10.    By executing the certification attached as Exhibit "A" and agreeing to be bound by this order, all other attorneys who view or receive confidential documents or information, are likewise required to return the protected documents and information, and all copies thereof, to counsel for Polaris within 45 days of the conclusion of this action. However, such other attorneys may retain the protected documents and information for a longer period of time if they request and obtain the written consent of Polaris; but in no event may they retain the protected documents or information any longer than 45 days from the conclusion of the claims or lawsuits in which they are involved against Polaris. By executing the certification attached as "Exhibit A," such other attorneys further agree that they shall continue to be bound by the terms of this order for as long as they are permitted to retain protected documents or information beyond the conclusion of this case.

11.    Nothing in this Order shall be deemed a waiver of Polaris' right to (a) oppose discovery on grounds other than that the documents and information sought constitute or contain Confidential Information; or (b) object on any ground to the admission in evidence, at trial of this action, of any Confidential Information. Any

9

document produced which has been designated by Polaris as containing Confidential Information shall for all purposes be deemed a business record and no need for authentication shall be required.

12.     In the event that any party disagrees with Polaris' designation of any item as Confidential and subject to this Protective Order, that party shall send a written notice to counsel of record for Polaris specifying the item in question. The parties shall attempt in good faith to resolve any disagreement over the confidentiality of the item. Should the parties fail to reach agreement, Polaris may as the party claiming confidentiality, within 45 days of receiving a written notice specifying the items in question, file a Motion to Preserve Confidential Status. Any item in dispute shall continue to be treated as confidential and subject to this Order until such time as the court rules that it is not. Should Polaris fail to file, within 45 days of receiving such written notice, a Motion with the Court to preserve the confidential status of such documents, the documents shall be deemed not confidential.

13.     Nothing herein shall prevent any party from using the Confidential Information in connection with any trial, hearing or other public proceeding in this matter or from seeking further protection with respect to the use of any such Confidential Information in connection with such trial, hearing or other public proceeding in this matter.

14.     Nothing in this Order will prejudice either party from seeking amendments broadening or restricting the rights of access to and the use of confidential documents or information, or contesting the designation of a confidential document or qualified person.

15.     This Order shall remain in force after the completion of this action.

SO ORDERED, this 17th day of June, 2020.

Judge Nancy N. Bills, Rockdale State Court

STATE COURT OF ROCKDALE COUNTY

11

Filed
11/15/2019 12:49 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2015DCV-1407-F

| | | |
|---|---|---|
| MARCOS FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF F.F., AN INJURED MINOR | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | NUECES COUNTY, TEXAS |
| POLARIS INDUSTRIES, INC.; RICHARDSON BROS., INC.; AND SHAWS DEVELOPMENT JOINT VENTURE | § § § § § | 214TH JUDICIAL DISTRICT |

## AMENDED PROTECTIVE ORDER

The Court, having considered the parties' Agreed Protective Order regarding production of confidential materials and information, hereby Amends that Order pursuant to Plaintiffs' Motion, Defendant's Response and Oral Arguments heard on August 30, 2019, and hereby orders that:

1.     All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2.     This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery. This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any applicable rules.

3.     "Confidential Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order"), a party will make such designation only as to the information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be classified as "Confidential" or "Protected."

4. "Qualified Person(s)," as used herein means:

a.  Attorneys of record for the parties in this litigation, including any in-house or outside counsel for the parties in this litigation, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, including outside copying services, document management services, and graphic services;

b.  Actual or potential independent technical, engineering, biomechanical, reconstruction, statistical, medical, life care planning, economic, legal, jury consultant, trial strategy, or other experts, advisers or consultants to whom "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information is disclosed and who have signed a document agreeing to be bound by the terms of this Protective Order and the jurisdiction of this Court (such signed document from non-purely consulting experts to be provided by the attorney retaining such person within ten (10) days of entry of a dismissal order in this lawsuit);

c.  The party or one party representative (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Protected" information to such person and who shall sign a document agreeing to be bound by the terms of this Protective Order (such signed document to be filed with the Clerk of this Court by the party designating such person);

d.  If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties; and

e.  The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes.

f.  Lawyers who are investigating, prosecuting or evaluating claims involving POLARIS Side-by-Side vehicles in which there are allegations of product defect involving instability, lack of appropriate occupant protection and/or appropriate speed control. In the event Plaintiffs' counsel intends to share Polaris's documents with the above identified individuals, Plaintiffs' counsel must provide Polaris's counsel with notice of the intended recipient of the documents and Polaris shall have 10 days to file a written objection with the Court before Plaintiffs' counsel shares the documents.

5.  Documents produced in this action may be designated only by the producing party as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Protected" (or "Produced Pursuant to Protective Order"). In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged.  Originals shall be preserved for inspection.

2

6.      All medical information produced by or on behalf of the Plaintiff shall be "Confidential" without the need for additional designation, and shall be subject to this Protective Order.

7.      Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may

be designated by the producing party as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information by indicating on the record at the deposition that the testimony is "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") and is subject to the provisions of this Order. Any party may also designate information disclosed by that designating party's agent, representative, employee, expert, or other witness at such deposition as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") for a period of thirty (30) days after the receipt of the transcript.

8.      In the event that a producing party inadvertently fails to designate any of its information pursuant to the terms of this Protective Order, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation. It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

9.      In the event of an inadvertent disclosure of another party's Confidential Information to a non-qualified recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains confidential information subject to this Protective Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-qualified recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

10.      "Confidential Information" shall not be disclosed or made available by receiving party to persons other than Qualified Persons. Information designated as "Protected" (or "Produced Pursuant to Protective Order") shall be restricted in circulation to Qualified Persons described in Paragraphs 4(a) and (b) above.

11.      Each party's outside counsel shall maintain a log of all copies of "Protected" (or "Produced Pursuant to Protective Order") documents which are delivered to any one or more Qualified Persons of Paragraph 4 above.

3

12.           Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") by the producing party only if the producing party in good faith contends such documents are "Confidential" or "Protected" pursuant to the terms of this Order.

13.           Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information, irrespective of which party produced such information.

14.           A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any state of these proceedings with the designation by the designating party of any information as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order"). The designating party shall be required to move the Court for an order preserving the designated status of such information pursuant to Texas law, including the Texas Rules of Civil Procedure within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item. The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

15.           Nothing shall be designated as "Protected" (or "Produced Pursuant to Protective Order") information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information if it is information that either:

   a.      is in the public domain at the time of disclosure, as evidenced by a written document;

   b.      becomes part of the public domain through no fault of the other party, as evidenced by a written document;

   c.      the receiving party can show by written document that the information was in its

rightful and lawful possession at the time of disclosure;

d.  the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party; or

e.  has been determined by a Court or by stipulation of the producing party as no longer "Confidential" or "Protected,"

16.  In the event a party wishes to use any "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information used therein shall be filed under seal with the Court.

17.  The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information by a party to this action unless and until such designation is withdrawn or removed by stipulation or determination by this Court.

18.  This order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any party client "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information produced or exchanged herein.

19.  Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

SIGNED THIS the _20_ day of _November_, 2019.


_____
PRESIDING JUDGE

5