UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KILEY SWEET, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )  Case 3:21-cv-40076-MGM |
| | ) |
| POLARIS INDUSTRIES, INC., | ) |
| POLARIS SALES INC., and | ) |
| POLARIS INC. | ) |
| | ) |
|     Defendants. | ) |

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
(Dkt. No. 29)

ROBERTSON, U.S.M.J.

I.   INTRODUCTION

This matter is before the court on the motion of the defendants, Polaris Industries, Inc., Polaris Sales Inc., and Polaris Inc. (collectively, "Polaris") for a protective order (Dkt. No. 29). Specifically, Polaris seeks entry of an order entering Exhibit B to the parties' joint planning report (Dkt. No. 23-2) as the protective order governing this case. The plaintiff, Kiley Sweet ("Plaintiff") opposes the motion and instead seeks entry of an order entering Exhibit A to the parties' joint planning report (Dkt. No. 23-1) as the protective order governing this case. The difference between the two proposed protective orders is that the order advocated by Plaintiff contains a "sharing clause" allowing her to share documents designated by Polaris as confidential with attorneys representing other plaintiffs in similar cases against Polaris, while the order advocated by Polaris does not. For the reasons set forth below, Polaris's motion for a protective order without a sharing clause is DENIED.

1

II.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff has brought claims in this diversity action of breach of warranty, negligence, and unfair and deceptive acts and practices in violation of Mass. Gen. Laws ch. 93A, § 2 alleging that she was catastrophically injured in a rollover accident involving an all-terrain vehicle which was defectively designed, manufactured, and sold by Defendants.  Plaintiff filed suit on July 22, 2021, and on December 2, 2021, the parties submitted a joint Fed. R. Civ. P. 26(f) report outlining a proposed discovery plan.  The parties indicated their disagreement over the entry of a protective order.  Polaris maintains that discovery in this matter will involve the production of documents that may be proprietary and "competitively sensitive" and that entry of a protective order is warranted.  In particular, Polaris anticipates producing documents that they anticipate designating confidential, including (1) engineering and design drawings which depict the dimensions, construction, materials, and specifications for components of the 2017 Polaris Ranger 900 XP and other business records related to the development of the 2017 Polaris Ranger 900 XP, and (2) testing materials reflecting Polaris's pre-production validation processes and procedures to ensure its off road vehicles comport with all industry and government standards for safety and performance (Dkt. No. 30-3).  Plaintiff is of the view that no protective order is necessary but is willing to agree to the entry of such an order so long as it contains a "sharing clause" allowing Plaintiff to discuss and share technical materials and data produced in this case with other lawyers who are litigating similar claims against Polaris.  As a result of their disagreement, the parties submitted competing proposed protective orders as exhibits to their Rule 26(f) report.  Exhibit A is the protective order advocated by Plaintiff (Dkt. No. 23-1), while Exhibit B is the protective order advocated by Defendants (Dkt. No. 23-2).  The proposed protective orders are largely identical with the exception of the addition of a paragraph 4 in

Plaintiff's proposed order, which extends the definition of persons entitled to receive confidential information to:

> attorneys representing plaintiffs in lawsuits against Polaris involving claims of product defect and/or negligence and alleging injury or death in a rollover of any Polaris side-by-side recreational off-highway vehicle allegedly because of: poor rollover stability, poor handling characteristics, lack of design features to minimize or reduce the risk of partial or complete ejection, lack of speed control, absence of a speed limiter-seatbelt interlock system, and/or the vehicle was not crashworthy ….

Disclosure to such other attorneys would be conditioned on Plaintiff obtaining a signed certification agreeing to the terms of the protective order. Plaintiff's counsel would be required to forward the signed certification to Defendants' counsel thirty days before releasing the confidential information. Defendants' proposed order, on the other hand, would limit the disclosure of confidential information to the parties, counsel of record for the parties, non-technical and clerical staff employed by counsel of record for the parties, experts and non-attorney consultants retained by the parties, the court, court staff, witnesses, and the jury.

III.   DISCUSSION

A.   Legal Standard

Pursuant to Fed. R. Civ. P. 26(c)(1):

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending …. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> …
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way;
>
> ….

Fed. R. Civ. P. 26(c)(1). "The party or person seeking a protective order, including an order limiting another party's right to disseminate information obtained in discovery, has the burden of demonstrating good cause. *Polo v. Time Warner Cable, Inc.*, Case No. 3:16-cv-11400-MGM, 2017 WL 2836996, at *2 (D. Mass. June 30, 2017) (citing *Green v. Cosby*, No. 14-cv-30211-MGM, 2015 WL 9594287, at *4-5 (D. Mass. Dec. 31, 2015); *Baker v. Liggett Grp., Inc.*, 132 F.R.D. 123, 125 (D. Mass. 1990)). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Id*. (citing *Baker*, 132 F.R.D. at 125). "[W]here … a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984). Courts have "broad discretion" to decide "when a protective order is appropriate and what degree of protection is required." *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 532 (1st Cir.1993) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). Great deference is shown to the district judge in framing and administering such orders. *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir.1988), *cert. denied,* 488 U.S. 1030 (1989)).

    B.    <u>Analysis</u>

Polaris's principal argument is that entry of a protective order with a sharing clause as advocated by Plaintiff is contrary to precedent from this court. To support this proposition, Polaris relies on the decision in *Massachusetts. v. Mylan Laboratories., Inc.*, 246 F.R.D. 87 (D. Mass. 2007). In *Mylan Laboratories*, the Commonwealth sued the defendant drug manufacturers alleging that they had "caused the Commonwealth to overpay for generic prescription drugs under the Massachusetts Medicaid program by inflating the 'Wholesale Acquisition Cost' … of

covered drugs." *Id*. at 89. The parties initially agreed to a protective order allowing the defendants to designate as confidential their pricing and marketing materials and restricting dissemination of such information to certain categories of persons involved in the litigation. *Id*. The Commonwealth sought a modification of the protective order allowing it to share the confidential information with state and federal law enforcement officers in other states responsible for enforcing laws related to Medicaid, Medicare, and other federal and state statutes. Id. The court denied the Commonwealth's request on the grounds that "the procedurally appropriate way for a third party to gain access to protected discovery materials is through a Fed. R. Civ. P. 24 motion to intervene" and "third-party law enforcement personnel would be able to reasonably obtain the information through alternative means." *Id*. at 93 (citations omitted).

The court finds Polaris's reliance on *Mylan Laboratories* to be unpersuasive. The facts in *Mylan Laboratories* and the instant case are not analogous. In *Mylan Laboratories*, the Commonwealth conceded that it did not need to share the information to advance its own case. *Id*. at 90. To the contrary, the proposed modification to the protective order was intended to advance the interests of the absent government entities, specifically to assist them in identifying latent claims. *Id*. at 91. Further, the court noted that federal and state law enforcement personnel "have at their disposal special investigatory abilities that private litigants do not have." *Id.* at 92. Here, Plaintiff seeks entry of a protective order with a sharing clause so that her counsel, who has litigated other Polaris off-road design defect cases and has familiarity with the benefits of sharing clauses, may more effectively represent her. She identifies specific ways in which a sharing clause will allow her counsel to do so. If Plaintiff's counsel is permitted to share information designated as confidential with lawyers representing other plaintiffs in similar cases against Polaris, he can communicate with those lawyers to compare technical productions from

Polaris to better understand the data produced, and he can learn how they have used the same records to conduct corporate depositions or develop facts germane to the same design theories or to counter any technical defenses raised by Polaris.

Additionally, the proposed sharing of confidential information in *Mylan Laboratories* would have been quite expansive.  The Commonwealth anticipated providing the discovery to the attorneys general in all fifty states and to the federal government.  *Id*.  Here, in contrast, the proposed sharing clause would limit disclosure to attorneys representing plaintiffs in pending lawsuits against Polaris involving similar claims of product defect or negligence leading to injury or death in a rollover accident.  Thus, this case is unlike *Mylan Laboratories* in which the court reasoned that the "expansive sharing of confidential information would do nothing to advance the present litigation …."  *Id*.  The goal of the instant sharing clause would be to enhance Plaintiff's counsel's ability to represent his client, although the sharing clause would also likely advance the interests of the third parties with whom the information is to be shared.

A sharing clause would not create an unfair advantage for Plaintiff.  Polaris's counsel already has the ability to share confidential information and confer with every other lawyer representing Polaris in similar cases across the country.  Thus, the sharing clause would serve to place the parties on more equal footing. *See Ward v. Ford Motor Corp.*, 93 F.R.D. 579, 580 (D. Colo. 1982) (in its decision revising the protective order to permit the sharing of information among plaintiffs' counsel in similar cases filed against Ford Motor Corporation, the court noted that where defendant admitted that it "quite properly, coordinates its defenses in the cases filed against it throughout the United States," permitting plaintiffs' counsel to share information put the parties on a similar footing).

Further, the court does not anticipate that entry of a protective order with a sharing clause would unnecessarily complicate the present litigation. Under the terms of the proposed sharing clause, Plaintiff's counsel must provide Polaris with thirty days' notice before sharing confidential information with counsel for plaintiffs in similar litigation. Polaris will have the opportunity to object before any such sharing takes place. It is not in Plaintiff's interest to share excessively as doing so could give rise to disputes and cause unreasonable delay to the resolution of her claims.

Polaris further argues that it might suffer irreparable harm from the dissemination of its confidential materials. It claims that "widespread dissemination … could place Polaris – a product leader in its field – in a vulnerable position against competitors" (Dkt. No. 30 at 12). "[T]he disclosure and dissemination of [Polaris's confidential information] threatens competitive harm to Polaris, as the unfettered dissemination of information relating to its product development and product testing efforts potentially provides easy and unfair access by competitors to valuable information relating to Polaris' processes, procedures, and designs" (Dkt. No. 30 at 13). The court acknowledges that Polaris has a legitimate interest in protecting its trade secrets and other confidential commercial information. Plaintiff's proposed sharing clause does not allow for unfettered dissemination of such material. Access is limited to lawyers for other plaintiffs in similar cases, and those lawyers are required to sign certifications agreeing to be bound by the terms of the protective order, agreeing to return copies of any materials produced under the terms of the protective order to Polaris at the time a final dismissal or judgment is entered in this case, and consenting to the jurisdiction of this court for purposes of enforcement of the protective order. Thus, Polaris fails to explain how their competitors would come into possession of their confidential information through the limited sharing clause

proposed by Plaintiff. Polaris's conclusory statements fail to establish the good cause necessary to enter a protective order precluding Plaintiff from sharing Polaris's confidential information in this limited fashion. In fact, Plaintiff has submitted protective orders entered by courts in five other lawsuits against Polaris which contain sharing clauses – to three of which Polaris stipulated – and yet, Polaris has not identified an instance of actual harm from the sharing of its confidential documents in this other litigation. Nor has Polaris explained why, if the risk of harm to it is so great, it was willing to stipulate to the sharing clauses in three of those five cases. Moreover, confidential or trade secret information subject to sharing by Plaintiff's counsel in this case likely would be discoverable in related cases. *See Raymond Handling Concepts Corp. v. Superior Court*, 39 Cal. Ct. App. 4th 584, 589-590 (1995).

In sum, after weighing the parties' concerns, the court has determined that a protective order is warranted but, because Polaris has failed to establish good cause for preventing Plaintiff from sharing Polaris's confidential information with lawyers representing other plaintiffs in similar lawsuits against Polaris, it is not entitled to a protective order without a sharing clause.

V.     CONCLUSION

For the above-stated reasons, Defendants' Motion for a Protective Order (Dkt. No. 29) is DENIED. The parties shall, on or before April 15, 2022, jointly submit a revised proposed protective order with a sharing clause in accordance with this ruling. In addition, the revised protective order shall eliminate the provision for an interlocutory appeal of an order denying Polaris's request for protection under the order as no such interlocutory appeal is available and shall strike the reference to Arizona District Court Local Rule 5.6 as this action is not pending in the District of Arizona.

It is so ordered.

Dated:  March 31, 2022                                    /s/ Katherine A. Robertson
                                                                                                     KATHERINE A. ROBERTSON
                                                                                                      U.S. MAGISTRATE JUDGE