IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| KILEY SWEET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 3:21-CV-40076 |
| | ) |
| POLARIS INDUSTRIES, INC., | ) |
| POLARIS SALES INC., and | ) |
| POLARIS INC. | ) |
| | ) |
| Defendants. | ) |

**<u>STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER</u>**

AND NOW, come the parties, by their respective counsel and hereby stipulate and agree to the following Stipulation of Confidentiality and Protective Order that shall govern the production of confidential, proprietary, and competitively sensitive business information that may be produced by Polaris Industries Inc. ("Polaris") in the course of discovery:

1. At such time as Polaris delivers to plaintiffs or plaintiffs' attorneys any documents or materials by way of discovery in this case or divulges any documents or materials or any information contained therein, Polaris shall designate as "confidential" any such documents, materials, or information they claim constitute or contain trade secrets or confidential business information.

2. The burden of proving that a Protected Document contains confidential trade secrets, technical information and/or commercially sensitive information is on Polaris. Prior to designating any material as "Confidential," Polaris must make a bona fide determination that the material is, in fact, a trade secret or other confidential research, development, or commercial information. If plaintiffs' counsel contests the confidential designation of any item produced

pursuant to this Protective Order, plaintiffs' counsel and counsel for Polaris are required by this Stipulation and Protective Order to consult in an attempt to come to an agreement as to the materials that are claimed to be of a confidential and proprietary nature. With respect to materials that plaintiffs' counsel and Polaris's counsel cannot agree are proprietary, Polaris will have the burden of establishing the proprietary and confidential nature of those materials pursuant to Federal Rule of Civil Procedure 26(c). Polaris shall have 45 days to prepare this motion following the parties' final attempt to reach an agreement. The contested materials will remain under the terms of this Stipulation and Protective Order until such time as there is a ruling on Polaris's motion.

3. Protected Documents and any copies thereof received pursuant to paragraph 4 (below) shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth below.

4. Counsel for plaintiffs may share proprietary and confidential materials produced pursuant to this Protective Order with attorneys representing plaintiffs in lawsuits against Polaris involving claims of product defect and/or negligence and alleging injury or death in a rollover of any Polaris side-by-side recreational off-highway vehicle allegedly because of: poor rollover stability, poor handling characteristics, lack of design features to minimize or reduce the risk of partial or completion ejection, lack of speed control, absence of a speed limiter-seatbelt interlock system, and/or the vehicle was not crashworthy[1], provided the following steps are taken:

    a. Counsel will obtain a signed certification, in a form attached as Exhibit A, from such other attorneys representing the other plaintiffs involved in litigation alleging injury or

---

[1] Plaintiff notes the scope for the purpose of sharing described in paragraph 4 is not an agreement as to the scope of vehicles or claims for the purpose of discovery.

death in a rollover of any Polaris side-by-side recreational off-highway vehicle allegedly because of: poor rollover stability, poor handling characteristics, lack of design features to minimize or reduce the risk of partial or completion ejection, lack of speed control, absence of a speed limiter-seatbelt interlock system, and/or the vehicle was not crashworthy.

        b.      Upon receipt of any signed certification described above, plaintiffs' counsel shall forward same by first class mail to counsel for Polaris and shall not release the materials covered by this Protective Order until the 30th calendar day following the mailing of the signed certification to Polaris unless counsel for Polaris provides notice to counsel for plaintiffs that it has filed a motion in the other lawsuit to have the materials produced pursuant to a protective order in that other lawsuit.

5.      Except as provided in paragraph (4) above, Protected Documents shall be disclosed only to "Qualified Persons," Qualified Persons are limited to:

        a.      Counsel of Record for the parties, and the parties;

        b.      Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

        c.      Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Polaris; and

        d.      The Court, the Court's staff, witnesses, and the jury in this case.

        e.      Any such materials may be disclosed to any governmental agency, which has oversight authority to study public safety issues pertinent to the product at issue. However, at least 10 days before such data is furnished to the relevant governmental agency, the party making such disclosure shall give notice to the party that produced the materials in discovery to allow that party the opportunity to ask the governmental agency to maintain the materials as confidential.

6. Plaintiffs and their attorneys shall not give, show or otherwise directly or indirectly disclose any such confidential documents, materials or information produced by Polaris in this action, or the substance thereof, or the existence thereof, or any copies, prints, negatives or summaries thereof, and will not disclose the fact of the existence thereof, to any entity or person except the plaintiffs herein, and any agents, experts or consultants, employed by plaintiffs or plaintiffs' attorneys, in connection with and solely for this action except as provided in Paragraph 4 above.

7. Any and all of plaintiffs' experts, consultants and/or counsel associated in this litigation and any other individuals who have access to confidential documents and/or information subject to this Protective Order, or to the substance hereof, or to any copies, prints, negatives or summaries thereof, shall be presented with a copy of this Protective Order. Those experts, consultants, counsel, and other individuals shall not give, show, or otherwise, directly or indirectly, disclose any of the confidential documents or materials or information subject to this Protective Order, or the substance thereof, or the existence thereof, or any copies, prints, negatives, or summaries thereof, to any entity or person, except as may be necessary in preparing to render, or rendering, expert advice or assistance in this lawsuit only.

8. At the conclusion of the work of such experts, consultants, counsel, or other persons as described in Paragraph 7 herein, all confidential documents and materials and all copies, prints, negatives, and summaries thereof shall be returned to the attorneys who retained the expert or consultant or otherwise provided access to the confidential documents and/or materials and/or information or shall be destroyed. At the time of such re-delivery or destruction, an Affidavit in the form of Exhibit B attached hereto shall be executed by such experts, consultants, counsel and/or other persons who have had access to the confidential documents and/or materials and/or information, stating that they have complied with the provisions of this Protective Order. Such

Affidavit shall be returned to the attorneys who provided access to the confidential documents and/or materials and/or information and be maintained by them. Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement, plaintiffs' attorneys shall return to Polaris all competitively sensitive data produced under the terms of this Protective Order or destroy the confidential documents. Plaintiffs' attorney shall further provide to Polaris at such time of re-delivery an Affidavit in the form of Exhibit B attached hereto representing compliance, as outlined herein, with the terms of this Protective Order and all Affidavits received by plaintiffs' counsel pursuant to this paragraph.

9. The parties to this action and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, and privilege, and all objections as to admissibility may be asserted at the time of trial of any action in which such confidential documents and/or materials are used or proffered should any such party deem it proper.

10. Confidential documents and materials, as those terms are used herein, mean information, including confidential and proprietary information about the Polaris Defendants' business, products, practices, or procedures that, in the ordinary course of business, is not voluntarily disclosed to the public or to third persons or entities who do not have a need to know. Documents or materials that concern, reflect, embody, or constitute the foregoing may include, but shall not be limited to, correspondence, memoranda, notes, plans, specifications, blueprints, drawings, test reports, test procedures, test manuals, photographs, motion pictures, accident reports, claims, videotapes, graphs, charts, financial and budget information, and deposition or trial transcripts and exhibits thereto. Confidential documents and materials shall be so designated by prominent markings placed on each document or item at or before the time the document or item is divulged or produced for inspection. To the extent possible, the designation will be placed on the document or other materials in a location that does not cover or mark over any textual materials.

If plaintiffs or plaintiffs' attorneys require more than one copy of any confidential document or material produced pursuant to this Protective Order, they must ensure that each copy is made with the original red marking designating the confidentiality of the document and/or material and the information contained therein.

11. Plaintiffs and plaintiffs' attorneys shall limit the number of copies to that which are absolutely necessary to adequately prepare plaintiff's case and shall ensure that copies are returned to plaintiffs' attorneys and that unnecessary copies are destroyed. Any and all copies shall be treated in accordance with the terms of this Protective Order.

12. No party hereto shall be bound by this Protective Order as to any information that it possessed prior to this action, unless the information was obtained from the other party under circumstances requiring the first party to treat it as confidential.

13. Any party claiming that information designated by the other party as confidential has been in the possession of such first party or has been in the possession of the public prior to disclosure of such information in discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information.

14. This Protective Order shall be without prejudice to the rights of the parties in any other action and applies solely to the above-captioned action.

15. The parties do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by either party.

16. To the extent that confidential documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, within 30 days after receipt of the deposition transcript, Polaris shall designate depositions or other testimony concerning the documents and the information contained therein as "confidential information" by sending written notice to plaintiffs' counsel designating by page and line the portions of the transcript or other

testimony to be treated as "Confidential." Neither plaintiffs nor plaintiffs' attorneys nor any other party hereto shall attack the propriety of the sealing or protection of such confidential documents and materials, or any such depositions, exhibits, or papers filed with the Court, after the conclusion of this litigation, whether by judgment or settlement or by any other means of dispute resolution. The use of such confidential information during depositions in this action does not waive the terms of this Protective Order.

17. If any party seeks to offer confidential documents and materials produced during discovery during pre-trial proceedings, trial, or post-trial proceedings, it shall comply with the procedures set forth in the Federal Rules of Civil Procedure. This provision applies both to confidential documents and materials produced during discovery and any testimony relating to such confidential documents and materials, and any papers filed with the Court in this action, which attach, include, or summarize any such confidential information. Neither plaintiffs nor plaintiffs' attorneys nor any other party hereto shall attack the propriety of the sealing or protection of such confidential documents and materials or evidence after the conclusion of this litigation, whether by judgment or settlement or by any other means of dispute resolution. Such productions and/or offerings and/or admissions into evidence do not waive the terms of this Protective Order.

18. The terms of this Protective Order shall remain fully active until released by written consent of the Polaris Defendants. The Court shall retain jurisdiction over the parties, this Protective Order, and recipients of confidential documents and materials, for the sole purpose of enforcing this Protective Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this Protective Order shall continue to be binding as to the confidential documents and materials produced pursuant to it.

[Signatures on following page]

| | |
|---|---|
| ANAPOL WEISS | PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP |
| */s/Larry Coben*<br>Larry Coben, Esq.<br>lcoben@anapolweiss.com<br>Jo Ann Niemi, Esq.<br>jniemi@anapolweiss.com<br>8710 E Vista Bonita Dr., Suite 268<br>Scottsdale, AZ 85255 | */s/Clem C. Trischler*<br>Clem C. Trischler<br>cct@pietragallo.com<br>One Oxford Centre, 38th Floor<br>Pittsburgh, PA 15219 |
| THE NEBENZAHL LAW GROUP, P.C. | MORRISON MAHONEY LLP |
| */s/Andrew D. Nebenzahl*<br>Andrew D. Nebenzahl, Esq.<br>anebenzahl@neblawgroup.com<br>One Post Office Square<br>Sharon, Massachusetts 02067 | */s/John G. Bagley*<br>John G. Bagley, Esq.<br>Michael R. Lavoie, Esq.<br>JBagley@morrisonmahoney.com<br>MLavoie@morrisonmahoney.com<br>1500 Main Street, Suite 2400<br>Springfield, MA 01115-0001 |
| *Counsel for Plaintiff* | *Counsel for Polaris Industries Inc., Polaris Sales Inc., and Polaris Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| KILEY SWEET, )<br>)<br> Plaintiff, )<br>)<br>v. )<br>)<br>POLARIS INDUSTRIES, INC., )<br>POLARIS SALES INC., and )<br>POLARIS INC. )<br>)<br> Defendants. )<br>) | CASE NO.: 3:21-CV-40076 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of April, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                       */s/Clem C. Trischler*
                       Clem C. Trischler

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| KILEY SWEET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO.: 3:21-CV-40076 |
| POLARIS INDUSTRIES, INC., | ) |
| POLARIS SALES INC., and | ) |
| POLARIS INC. | ) |
| | ) |
| Defendants. | ) |

# **EXHIBIT A**

I,_____, am an attorney representing the plaintiff in the following action:

Case title: _____
Court: _____
Cause or _____
Case number: _____

I seek copies of the documents produced under the terms of the Stipulation and Protective Order regarding confidentiality of documents and materials entered in Kiley Sweet v. Polaris Industries Inc., et al., to the United States District Court of the District of Massachusetts, Springfield Division, Case No. 3:21-CV-40076, and agree to the terms of that order. At the time a final dismissal or judgment is entered in the Kiley Sweet v. Polaris matter, l agree to return copies of any materials produced under the terms of the Stipulation and Protective Order to Polaris as described in paragraph 4 of the Stipulation and Protective Order, I consent to the personal jurisdiction of the Court in Kiley Sweet v. Polaris for purpose of enforcement of the Protective Order covering the confidential materials I seek.

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| KILEY SWEET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO.: 3:21-CV-40076 |
| POLARIS INDUSTRIES, INC., | ) |
| POLARIS SALES INC., and | ) |
| POLARIS INC. | ) |
| | ) |
| Defendants. | ) |

## **EXHIBIT B**

STATE OF _____ )
                           )ss.
County of_____ )

_____, being first duly sworn, upon his or her oath, deposes and says:

      1. I have been provided copies of, or access to, confidential documents, materials, and information that are subject to a Stipulation and Protective Order Re: Confidentiality of Documents and Materials ("Stipulation and Protective Order) in the above-captioned action (hereinafter "Confidential Data").

      2. I have read and complied with all of the provisions of the Stipulation and Protective Order entered in the action regarding the Confidential Data.

      3. In formulating my opinions or in preparing for and/or assisting in the trial of the above-captioned action, I have provided the following individuals copies of, or access to, the confidential Data at the address stated:

_____
_____
_____

      4. The individuals listed in Paragraph 3 are the only individuals to whom provided copies of, or access to, the Confidential Data.

      5. Before providing copies of, or access to, the Confidential Data to the individuals listed in Paragraph 3, I required that said individuals read a copy of the Stipulation and Protective Order in this action.

6. The individuals listed in Paragraph 3 have executed Affidavits stating that they have complied with the terms of the Stipulation and Protective Order and have returned all copies of Confidential Data and a copy of each such Affidavit is attached hereto.

7. I have made no copies of the Confidential Data provided pursuant to the Stipulation and Protective Order, other than those that have been returned to plaintiff's counsel.

8. With the Affidavit, I have returned all copies of confidential documents and materials provided to me in the above-captioned action pursuant to the Stipulation and Protective Order and have returned all Affidavits to those individuals to whom I provided copies of, or access to, the Confidential Data.

9. After submitting this Affidavit and the attached Affidavit(s) Re: Confidential Data and all copies of confidential documents and materials to plaintiff's counsel, pursuant to the requirements set forth in the Stipulation and Protective order, I will not have any copies of the Confidential Data.

10. I have otherwise complied with all of the terms of the Stipulation and Protective Order covering confidential documents and materials produced in the above captioned action.

SUBSCRIBED AND SWORN to before me this day _____ of _____, 2022.

_____
NOTARY PUBLIC
My Commission Expires: _____